**SIDEL, Plaintiff–Appellant,**

v.

**UNILOY MILACRON INC.,**
**Defendant–Appellee,**

and

**Ryka Blow Molds Ltd., Defendant.**

Sidel, Plaintiff–Appellee,

v.

Uniloy Milacron Inc., Defendant–
Appellant,

and

Ryka Blow Molds Ltd., Defendant.

No. 02–1141, 02–1142.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 14, 2002.

———

ON MOTION

Before MICHEL, BRYSON, and
PROST, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Sidel moves to dismiss Uniloy Milacron Inc.'s appeal no. 02–1142 for lack of jurisdiction or, in the alternative, for lack of standing. Uniloy opposes. Sidel replies.

Sidel sued Uniloy for infringement in the United States District Court for the Northern District of Georgia and moved for a preliminary injunction. The district court denied the motion determining that Sidel had not made a clear or strong showing of likelihood of success on the issue of contributory infringement and had failed to show irreparable harm. While Uniloy ultimately prevailed, the district court construed claim 1 of the patent in suit contrary to Uniloy's preferred construction and further noted that, "the court assumes without deciding that Sidel can make a clear showing that its patent would survive a validity challenge."

Sidel appealed from the order denying its motion for a preliminary injunction. On the basis of the district court's claim construction and statement concerning validity, Uniloy cross-appealed. Sidel argues that because Uniloy prevailed below and is not seeking review of the district court's denial of the injunction, Uniloy's cross-appeal cannot be maintained. We agree.

An "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924); *see also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n. 1 (Fed.Cir.1989) ("Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record."). Uniloy

prevailed in district court, that is, the district court denied Sidel's motion for a preliminary injunction. Uniloy may, as an appellee, challenge the alleged unfavorable aspects of the district court's order. What is at stake here, from Uniloy's perspective, is only whether it be permitted to file two rather than one brief. What it may argue in its brief is not at stake.

Accordingly,

IT IS ORDERED THAT:

(1) Sidel's motion to dismiss Uniloy's appeal no. 02–1142 is granted.

(2) Each side shall bear its own costs pertaining to appeal no. 02–1142.

(3) The revised official caption for appeal no. 02–1141 is reflected above.